IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00242-MSK-MEH

TERRI CRANDALL and JOANN HUBBARD,

    Plaintiffs,

vs.

THE CITY AND COUNTY OF DENVER, COLORADO
d/b/a The Denver International Airport, a Colorado political
subdivision,

    Defendant.

_____

**ORDER ON:**
**DEFENDANT'S MOTION TO COMPEL AND FOR EXTENSION OF DEADLINE,**
**and**
**PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE INITIAL**
**MEDICAL EXPERT DISCLOSURES**
_____

The parties have filed motions which concern Defendant's effort to obtain discovery from non-party current or former employees at The Denver International Airport (DIA) who claim injury from the use of de-icing chemicals at DIA. The first motion is Defendant's Motion to Compel and for Extension of Deadline of Medical Expert Disclosures (Docket #46) ("Motion to Compel"), which, as its name suggests, seeks two forms of relief (and, indeed, also includes a request for attorney's fees as a sanction). The second motion is Plaintiff's Unopposed Motion for Extension of Time to File Initial Expert Disclosures (Docket #53) "Motion for Extension of Time"). The motions have been briefed, and oral argument would not materially aid the Court in their resolution. For the reasons stated below, as to Defendant's Motion (Docket #46), the Court **grants** the motion in part and **denies** it in part. As to Plaintiff's Motion (Docket #53), the Court **denies** the motion.

**I.     Facts**

The present motions concern nonparty persons who work or have worked at DIA and who have contacted Plaintiffs' counsel, alleging injury in the same manner as Plaintiffs. The undersigned Magistrate Judge interprets the June 21, 2005 Scheduling Order (Docket #27) as referring to these persons as "claimant[s] alleging injury at Denver International Airport" (hereinafter "claimants"). *Id.* at 2. In the Scheduling Order, the Court permitted 10 interrogatories and five requests for production of documents propounded to *each* of these persons. Further, the Scheduling Order permitted 30 total depositions by Defendant. Moreover, Plaintiffs' counsel contemplated interviews of these persons in a September 29, 2005 letter to Defendant's counsel. Exhibit E to Defendant's Motion. Defendant contends that it needs this discovery before it can complete its designation of experts (Defendant has provided an initial designation of experts [Docket #54], as have Plaintiffs [Docket #52]), and, therefore, seeks an extension of 45 days from the time it receives responses to its discovery requests propounded on claimants. Plaintiffs oppose the breadth of the discovery propounded by Defendant; object to certain specific requests for discovery as improper; and seek a concomitant extension to designate any of their remaining experts.

**II.    Discussion**

    **A.     Breadth of Discovery to Claimants**

The Court believes that Defendant is entitled to 10 interrogatories and five requests for production for each claimant, with responses to be provided within 20 days of the date of this Order. *See* Rule 26(b)(1), FED.R.CIV.P. ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). Further, Defendant may, if it so chooses, expend any part of its 30 authorized depositions on claimants. Of course, the interrogatories and

requests for production can only be propounded to claimants who are clients of Plaintiffs' counsel, because they are the only possible persons over whom Plaintiffs' counsel has some control as contemplated by the Scheduling Order.[1]  Of course, Defendant has the potential resource of the subpoena power of the Court, together with the notion of depositions upon written questions under Fed.R.Civ.P. 31, but that issue is not before the Court at this time.

Although Plaintiffs have recognized the potential for interviews of the claimants, and Defendant seeks such interviews, *and* such interviews would appear to the Court to be a wise approach to conserve the parties' time and resources (not to mention that of the claimants), because there is no Order of the Court mandating interviews, and because the parties apparently have no agreement on this issue, the Court will not require interviews at this time.

**B.**     **Scope of Discovery**

Plaintiffs raise certain specific objections to the requested discovery.  First, Plaintiffs object to the request for 15 years' worth of medical history for each represented claimant, both on the basis of the length of time and on the privileged and sensitive nature of such records.  The Court agrees with Plaintiffs, to this extent: The requests should be limited to 10 years, and all records should be produced under an appropriate protective order.  However, for good cause shown and on a claimant-by-claimant basis, the Court would entertain an appropriate motion for a request that exceeds the general 10-year limitation.  Second, Plaintiffs object to the wholesale production of claimants' personnel records.  Again, the Court agrees with Plaintiffs, to this extent: Production of such records

---

[1] Absent some sort of legal process bringing nonrepresented claimants before this Court (such as a Rule 45 subpoena, including a subpoenas *duces tecum*), the Court does not see how it has jurisdiction to compel such persons who are not parties and who are not clients of Plaintiffs' counsel to participate in discovery.

should be limited to entries relating to the health of the claimant (whether good or bad), time and attendance, and any disciplinary records relating to either health or attendance. Again, these records should be subject to an appropriate protective order. The Court will direct defense counsel to provide to Plaintiffs' counsel a proposed protective order that comports with the practice of the United States District Court for the District of Colorado and which affords adequate protection for the claimants while permitting appropriate and necessary use of documents by the parties in this litigation.

### C. Extension of Time

Defendant seeks an extension of 45 days from the time it receives responses to the discovery it requests under its Motion to Compel in which to designate any additional experts. Defendant is correct in that Plaintiffs' initial request for an extension of time to designate experts concomitant with that afforded to Defendant lacks any substantial justification beyond "me too." In their reply, however, Plaintiffs do allege a specific need for an extension. The Court believes that if the discovery permitted by this Order reasonably raises the need for an additional expert designated by Plaintiffs or the Defendant, the parties should be permitted an opportunity to adequately present their case.

However, the record appears to indicate that the parties have already made their initial expert disclosures, and rebuttal expert disclosures in that regard are due on March 15, 2006, as required under the Scheduling Order which governs case management in this suit. In order not to compromise these and other case management deadlines based on speculation that additional experts might be needed, the requests for extension by the Defendant and the Plaintiffs will be denied, without prejudice, subject to renewal on grounds of good cause if the discovery which is allowed pursuant to this Order should reveal the need for additional experts.

### D.     Attorney's Fees

The Court believes that both sides have engaged in a good faith dispute concerning the scope of remaining discovery and, therefore, does not believe that an award of fees is merited.  *Cf.* Rule 37(a)(4)(C), FED.R.CIV.P.  Indeed, several times in their briefs Plaintiffs offered that they desire to engage in negotiations to work out the details of the discovery involving claimants.  The Court will accept the representation of Plaintiffs' counsel that they *will* cooperate in this way, and the Court encourages such cooperation on both sides.  To the extent that the parties can agree on a discovery regimen that is different than that stated herein, the Court invites them to submit a stipulated motion to that effect.  Otherwise, this Order will govern the issues addressed herein.

## III.    Conclusion

For the foregoing reasons, it is hereby **ORDERED**:

A.   Defendant's Motion to Compel and for Extension of Deadline [Filed January 30, 2006; Docket #46] is **granted in part** and **denied in part** as follows:

   1. The Defendant's Motion to Compel is **granted** to the extent it seeks to compel each claimant represented by Plaintiffs' counsel to respond to 10 interrogatories and five requests for production, with the limits addressed above.  Responses shall be provided within 20 days of the date of this Order.

   2. The Defendant's Motion to Compel is **denied**, without prejudice, to the extent that it seeks 45 days from compliance with this discovery in which to designate any remaining experts.

   3. In all other respects, the Motion to Compel is **denied.**

B.   By no later than March 9, 2006, defense counsel shall provide to Plaintiffs' counsel a proposed protective order that comports with the practice of the United States District Court for the District of Colorado and which affords adequate protection for the claimants, while permitting appropriate and necessary use by the parties in this litigation.

    C.      The Plaintiffs' Motion for Extension (Filed February 7, 2006; Docket #53) is **denied**, without prejudice.

Dated at Denver, Colorado, this 3rd day of March, 2006.

                      BY THE COURT:

                      s/ Michael E. Hegarty
                      Michael E. Hegarty
                      United States Magistrate Judge