IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00242-MSK-MEH

TERRI CRANDALL and JOANN HUBBARD,

    Plaintiffs,

vs.

THE CITY AND COUNTY OF DENVER, COLORADO,
d/b/a The Denver International Airport, a Colorado political
subdivision,

    Defendant.

_____

**ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY**
_____

Defendant has filed a Motion to Compel Discovery (Docket #71) concerning production of a diary of events maintained by Plaintiff Terri Crandall.  The matter is briefed and has been referred to this Court.  Oral argument would not materially assist the Court in adjudicating the Motion to Compel.  For the reasons stated below, the Court **denies** the Motion to Compel.

**I.   Facts**

Plaintiffs allege that they have been exposed to harmful chemicals or other adverse environmental conditions at Denver International Airport.  Plaintiff Terri Crandall has kept a diary in which she has allegedly recorded information about incidents of exposure to adverse conditions, including the dates of the incidents, names of persons involved, and the nature of the incidents.  Defendant has requested this diary (said to be perhaps 100 pages long) in discovery.  Plaintiff Crandall has refused to produce it, relying on the attorney-client and work product privileges.  Ms.

Crandall asserts that she created the diary at the request of her counsel for the purpose of "communicat[ing] with her counsel in an efficient manner without constant telephone calls." Response to Motion to Compel at 1. Defendant has requested that the Court review the diary *in camera* and make a determination whether any or all of it is privileged.

**II.    Discussion**

The unrebutted record establishes that Ms. Crandall began keeping the referenced diary at the request of counsel, that she did it in anticipation of filing litigation, and that the purpose of the diary is to facilitate communication with and transfer relevant information (for use in the litigation) to her counsel. Material of this type has been uniformly protected by the courts under the attorney-client and work product privileges. *See, e.g.*, *In re Dayco Corp. Derivative Sec. Litig.*, 102 F.R.D. 468, 470 (S.D. Ohio 1984). *See also Strougo v. Bea Assoc.*, 199 F.R.D. 515, 523 (S.D.N.Y. 2001); *Larson v. Harrington*, 11 F. Supp.2d 1198, 1203 (E.D. Cal. 1998); *Solomon v. Scientific American, Inc.*, 125 F.R.D. 34 (S.D.N.Y. 1988); *Moore v. Tri-City Hosp. Auth.*, 118 F.R.D. 646, 648-49 (N.D. Ga. 1988). Because the record establishes that the diary relates to communications between attorney and client relating to legal advice and was intended to be confidential, it is protected by the privilege even though it contains factual material that is extremely relevant to the Plaintiffs' claims. In addition, to the extent that the harm of nondisclosure of the diary is relevant here, there are, of course, other means of obtaining the information contained in the diary, such as an interrogatory requesting information about every known incident of exposure to environmental hazards at DIA.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Defendant's Motion to Compel (Docket #71) is **denied**.

Dated at Denver, Colorado, this 24th day of May, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge