IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00242-MSK-MEH

TERRI CRANDALL and JOANN HUBBARD,

    Plaintiffs,

vs.

THE CITY AND COUNTY OF DENVER, COLORADO,
d/b/a The Denver International Airport, a Colorado political
subdivision,

    Defendant.
_____

**ORDER ON MOTIONS TO QUASH SUBPOENAS DUCES TECUM**
_____

Plaintiffs served two subpoenas duces tecum -- on nonparties United Air Lines, Inc. ("United") and Gallagher Bassett Services, Inc. ("GBS")  -- seeking documents relating to incidents in which United employees complained of exposure to fumes.  United has filed a Motion to Quash the subpoena issued to GBS [Docket #87] as well as a Motion to Quash the subpoena issued to itself [Docket #92].  GBS has also filed a Motion to Quash the subpoena issued to itself [Docket #88]. Plaintiff has filed responses to the three Motions to Quash the subpoenas (which all seek the same nature of documents), and the Motions to Quash have been referred to this Court.  The matters are briefed, and oral argument would not materially assist the Court in adjudicating them.  For the reasons stated below, the Court **grants in part** and **denies in part** the Motions to Quash.

**I.**    **Facts**

Plaintiffs allege that they have been exposed to harmful chemicals or other adverse environmental conditions at Denver International Airport.  They bring this action under the Resource

Conservation Recovery Act (RCRA), 42 U.S.C. §§ 6901-6992, seeking injunctive relief ordering Defendant to remedy certain environmental conditions at Concourse B of Denver International Airport. Plaintiffs allege that the use of certain chemicals by United Air Lines (which operates most or all of the gates on Concourse B) may cause endangerment to persons who work on Concourse B.

The subpoena to GBS seeks production of worker's compensation claims or occupational injury claims against United for the period 1995 to present. GBS is the contract claim administrator engaged by United to provide claim adjustment and administration services. GBS is not a party to this lawsuit.

The subpoena to United seeks documents relating to odors, fumes, smells, or indoor air quality; indoor air quality tests, investigations or monitoring; and fluid leakage into Concourse B.

United and GBS object to the subpoenas on various grounds, including primarily the unlawful disclosure of personal or private medical information and the alleged overbroad and burdensome nature of the documents requested by the subpoenas. They also allege that many of the documents sought by the subpoenas have already been produced in response to a prior subpoena. Further, they allege that the information sought is not relevant.

In response, Plaintiffs offer to allow United and GBS to redact all personal identifying information, so that no one could determine whose records are being produced. They have also offered to narrow the scope of the subpoenas if, upon GBS' or United's initial search of any relevant databases, the number of potential responsive documents is unreasonably large. Further, they have acknowledged that they seek only claims which involve allegations of exposure to "particular odors or fumes." Response in Opposition to GBS' Motion to Quash, at 11. Plaintiffs have agreed that the subpoenaed records only seek documents relating to "indoor air quality issues" which arose on

specified dates. *Id.* at 12.

## II. Discussion

### A. Relevance

At least for purposes of discovery, the Court believes that the subpoenaed records fall within the zone of relevance. The scope of discovery under the Federal Rules of Civil Procedure is broad. "Parties may obtain discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Fed. R. Civ. P. 26(b). The Supreme Court has held that discovery is designed to help define and clarify the issues. *Hickman v. Taylor,* 329 U.S. 495, 501 (1947). Remembering that the issue is not whether the information sought by Plaintiffs will be admissible at trial, but rather, whether the discovery should be had at all, the Court is not persuaded by Defendants' arguments concerning the relevance of the information sought here. Records of incidents in which persons have complained of fumes goes to the heart of Plaintiffs' case.

### B. Overbreadth

With Plaintiffs' self-imposed limitations noted above, the Court finds that the subpoenas are not overbroad, or at least that United and GBS have not established that they are overbroad. As narrowed, the subpoenas seek relevant information, and Plaintiffs establish that the dates of the requested records coincide with known allegations of exposure to fumes.

### C. Health Records/Privacy Concerns

Regarding privacy concerns, United has represented to the Court that Plaintiffs' counsel, in an action pending in state court, represents many employees whose worker's compensation files would be produced pursuant to the subpoena. The Court agrees with United that the preferable procedure is to have those persons execute releases so that their files can be released in their entirety.

To the extent, if at all, that Plaintiffs' counsel has not cooperated in obtaining such releases, the Court believes that this certainly reflects on Plaintiffs' willingness to meet United and GBS "half way." The Court cannot compel the execution of such releases, but any failure of Plaintiffs' counsel to vigorously pursue such an option may support United's argument that there are alternative, less intrusive means of accomplishing the production of sensitive medical information. The Court directs that in the Status Report to be filed by June 15, 2006 (*see infra*), the parties include any further information concerning such releases.

As to those persons for whom a release cannot be obtained or who are not represented by Plaintiffs' counsel, the Court finds that if the requested records are redacted in a manner that will completely shield the identity of any affected person (a solution that Plaintiffs have suggested), and if the Court enters an appropriate protective order, GBS' and United's objections will be satisfactorily addressed. Plaintiffs, United, and GBS are directed to cooperate in drafting a protective order that will satisfy the nonparties' concerns about privacy. In the event that the parties are unable to agree upon such an order on or before June 15, 2006, the parties shall submit, simultaneously on that date, competing protective orders attached to briefs that explain the issues on which the parties were unable to agree. The parties are directed to *Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382 (D. Colo. 2000) for assistance in crafting an appropriate protective order.

### D.   Burdensomeness

This is the one issue that the Court believes remains unresolved by the briefing on these motions. Plaintiffs acknowledge the possibility that their subpoenas could ultimately be unduly burdensome and perhaps should be further narrowed. Plaintiffs contend that they lack sufficient information to determine whether the subpoenas are overbroad, because United and GBS have merely

alleged that they are so without providing specific information or data to allow Plaintiffs or the Court to make that determination.

For example, in their reply, United and GBS state that there are over 66,000 worker's compensation claim files that exist, and that each would have to be physically searched. However, the Court does not believe that the issue of whether GBS can electronically identify only files that concern complaints of fumes, and whether those files can be further electronically limited to incidents involving the substances in which the Plaintiffs are interested, has been sufficiently clarified. Plaintiffs should be aware that the Court will not require GBS or United to physically review 66,000 files to determine whether they are related to fumes. If GBS, however, can use some search commands that would reduce the number of potentially responsive documents, the Court would permit production of a significantly smaller universe of documents.

Therefore, before any documents must actually be produced, the Court will direct United and/or GBS to provide a good faith, educated statement of whether there exists the technological capability of searching the records for a smaller subset of potentially responsive documents (and, if not, a declaration under oath to that effect should be provided). If such a search is possible, GBS/United should provide: (1) an estimate of the number of documents that may be responsive to every category of documents that has been subpoenaed; (2) the specific efforts that would have to be undertaken to retrieve and redact the documents; (3) the number of and type of personnel who needed to retrieve and produce responsive documents; and (4) the estimated cost of such production. If the parties are then unable to agree on the scope and timing of document production and the allocation of costs associated with such production, the Court will entertain further briefing and perhaps a hearing in order to resolve those issues. The parties should include the information

5

required in this paragraph in their June 15, 2006, status report.

    E.    <u>Duplicative Requests</u>

To the extent that any documents which Plaintiffs still seek, after the efforts described in paragraph D herein, have already been produced by United, the Court grants the Motion to Quash. However, United must provide a sufficiently detailed itemization of all documents (which can be described in categories if appropriate) that it is not producing because of any prior production of documents or agreements concerning the same.

**III.**    **Conclusion**

Accordingly, for the reasons stated above, it is hereby **ORDERED** that United's Motions to Quash [<u>Filed April 24, 2005; Docket #87</u>] and [<u>Filed April 28, 2006; Docket # 92</u>] and GBS' Motion to Quash [<u>Filed April 24, 2006; Docket #88</u>] are **granted in part** and **denied in part** as discussed above. The parties shall submit a Status Report on the outcome of their negotiations as addressed in herein on or before June 15, 2006, in addition to any filings that concern the protective order issue. Any requests for sanctions are **denied**.

Dated at Denver, Colorado, this 30th day of May, 2006.

                BY THE COURT:

                s/ Michael E. Hegarty
                Michael E. Hegarty
                United States Magistrate Judge