IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 05-cv-00242-MSK-MEH

TERRI CRANDALL and JOANN HUBBARD,

       Plaintiffs,

v.

CITY & COUNTY OF DENVER, COLORADO d/b/a The Denver International
Airport, a Colorado political subdivision.

       Defendant.

---

## PROTECTIVE ORDER

Upon a showing of good cause in support of entry of a protective order to protect the discovery and dissemination of private, protected information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case and to protect the discovery and dissemination of documents designated or marked as confidential, as set forth more fully herein, IT IS HEREBY ORDERED:

1.      This Protective Order shall apply to all documents, materials, and/or information disclosed pursuant to Plaintiffs Terri Crandall and Joann Hubbard's ("Plaintiffs") Subpoena Duces Tecum to United Air Lines, Inc. ("United") dated April 7, 2006 ("Second United Subpoena") and the Plaintiffs' Subpoena Duces Tecum to Gallagher Bassett Services, Inc. ("GBS") dated April 7, 2006 ("GBS Subpoena") (collectively the "Subpoenas").

2.      Together, Plaintiffs, Defendant the City and County of Denver, Colorado ("Defendant"), United and GBS are referred to as the "Parties."

3.      As used in this Protective Order, "document" is defined as provided in

Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

## PROTECTED INFORMATION – REDACTION OF PERSONALLY IDENTIFYING INFORMATION

4.      Information designated as "PROTECTED INFORMATION" shall be information that is confidential and implicates common law and statutory privacy interests (medical, employment, financial and/or personnel records) of United Air Lines, Inc. employees ("Affected Persons").

5.      To the extent that PROTECTED INFORMATION of Affected Persons is included, incorporated, encompassed, or otherwise contained in documents, materials, and/or information responsive to and/or subject to production under the Subpoenas, the name, address, telephone number, social security number, employee number, and/or workers' compensation claim number ("PERSONALLY IDENTIFYING INFORMATION") shall be redacted from the documents, materials, and/or information produced or disclosed under the Subpoenas, such that the identity of the Affected Persons is completely shielded.

6.      Documents, materials, and/or information including, incorporating, encompassing, or otherwise containing PROTECTED INFORMATION shall not, without the consent of the Affected Persons or upon further Order of the Court, be produced without the redaction of all PERSONALLY IDENTIFYING INFORMATION.

7.      The redaction of PERSONALLY IDENTIFYING INFORMATION from documents, materials, and/or information including, incorporating, encompassing, or otherwise containing PROTECTED INFORMATION is ordered in lieu of the institution of other controls, such as limiting the receiving population, limiting the use of the documents, materials, and/or

information, and/or requiring written acknowledgment of this Protective Order by third parties. *See Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 387-88 (D. Colo. 2000) (Appendix A, form protective order).

8.      This Protective Order in no way authorizes or requires the redaction of PERSONALLY IDENTIFYING INFORMATION from documents, materials, and/or information that does not include, incorporate, encompass, or otherwise contain PROTECTED INFORMATION, except that to the extent PERSONALLY IDENTIFYING INFORMATION is located on any document contained in workers' compensation claim files and/or employee personnel files that shall be produced, such PERSONALLY IDENTIFYING INFORMATION shall be redacted to prevent disclosure of the individual employee's identity.

9.      All documents, materials, and/or information from which PERSONALLY IDENTIFYING INFORMATION is redacted pursuant to this Protective Order shall be designated as REDACTED by placing or affixing on them the following notice: "REDACTED."

## DESIGNATION OF DOCUMENTS AND INFORMATION AS CONFIDENTIAL

10.      United or GBS may designate as CONFIDENTIAL, information that contains trade secrets or other confidential, competitively sensitive business information if United or GBS has determined, in good faith, that the disclosure of such information would be detrimental to United or GBS.

11.      The designation of documents or information as CONFIDENTIAL may be effected by visibly marking such document CONFIDENTIAL or with words of similar import, either on the paper copies of documents produced, or on the CD-rom disc(s) produced containing media determined to be confidential.

12.      No information or documents marked or designated as CONFIDENTIAL

pursuant to this Protective Order may be used by Plaintiffs or Defendant or disclosed to anyone

for any purpose other than in connection with this Litigation, and as expressly provided in this

Protective Order.  No information or documents marked or designated CONFIDENTIAL may be

disclosed by Plaintiffs or Defendant to anyone other than those persons designated below in

paragraph 13, unless and until restrictions in this Protective Order are removed by agreement of

the Parties.

      13.    All documents or information designated as CONFIDENTIAL shall be restricted

to the following persons:

    a)    Counsel who have appeared of record for any party in this Litigation and
have signed this Protective Order, and partners, shareholders, associates,
paralegal assistants, clerical staff and secretaries who are regularly
employed by such counsel and are actively engaged in assisting such
counsel with respect to this Litigation;

    b)    Parties to this Litigation;

    c)    Any certified shorthand or court reporters retained to report a deponent's
testimony taken in this Litigation;

    d)    Experts or any person retained or used by counsel for any party to assist
counsel with respect to this Litigation, who are not regular employees of
such counsel;

    e)    Persons shown on the face of the document to have authored or received
it;

    f)    Any person whom the Parties agree, in advance and in writing, may
receive documents designated or marked as CONFIDENTIAL.

This Protective Order does not prohibit United or GBS from disclosing documents or information not designated CONFIDENTIAL.  Nor does this Protective Order prohibit Plaintiffs or Defendant from disclosing documents or information containing confidential information that has been independently obtained from non-confidential sources or sources that do not designate the information as confidential so long as the information was not improperly disclosed by the source of the information.

14.     No person authorized under paragraphs 13(b), (d) or (f) of this Protective Order to receive access to documents marked or designated CONFIDENTIAL shall be granted such access until such person has received a copy of this Protective Order and agreed in writing to be bound by it by signing a copy of the agreement attached as Exhibit A to this Protective Order. The original of each such written agreement shall be maintained by counsel for United and GBS. Further, no recipient of a document marked or designated CONFIDENTIAL may make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this Litigation and solely for the purposes of this Litigation.

15.     If, during the course of a deposition, counsel for United  or GBS designates any part of the testimony as CONFIDENTIAL the deposition transcript shall be visibly marked on the cover page by the reporter as CONFIDENTIAL.  Alternatively, within 40 days after the date the deposition testimony is given, counsel for United or GBS may designate, by letter to all counsel and the deposition reporter, any portion of the deposition transcript as CONFIDENTIAL under the terms of this Protective Order, and a copy of the letter shall be attached by the reporter and all counsel to the cover page of all deposition transcripts that contain such CONFIDENTIAL testimony.  This paragraph shall not be deemed or construed to authorize disclosure of any documents or information marked or designated CONFIDENTIAL to any person to whom

disclosure is otherwise prohibited under this Protective Order.

16.     Any document designated under this Protective Order as CONFIDENTIAL which is filed with the Court for any purpose shall be filed in a sealed envelope or container marked on the outside with the title of the action, the identification of each document or other item within, and a statement substantially in the following form:

CONFIDENTIAL

The Court, its staff and counsel for the Parties shall have access to any envelope or container submitted under seal in connection with this Litigation.  To the extent practicable, any document or information designated CONFIDENTIAL shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated.  No document designated CONFIDENTIAL shall be included in whole or in part in the pleadings, motions, briefs, exhibits, memoranda or other filed papers, except as provided in this paragraph.

17.     Any Party may file a motion with the Court for an appropriate modification of this Protective Order.  Further, any Party may object in writing to United's or GBS's production of documents or information that has been designated as CONFIDENTIAL.  If such objection cannot be resolved by agreement, any Party may file a motion with the Court to determine the propriety of the designation.  Any such motion must be filed within five (5) days of the January 5, 2007 deadline for submission of the Proposed Pre-Trial Order.  In any such motion, the moving Party shall identify the particular document designated CONFIDENTIAL, the name and address of the person to whom the moving Party proposes to disclose the CONFIDENTIAL document(s), and the reasons why such information should not be restricted.  The document(s) which are the subject of such motion shall be treated in accordance with the designated CONFIDENTIAL status pending the Court's decision on the motion.  In all motions to modify a

designation, United and/or GBS shall bear the burden of justifying CONFIDENTIAL

designation.

      18.     The taking of any action in accordance with the provisions of this Protective

Order shall not be construed as a waiver of any claim or defense in this action.  Further, United's

or GBS's failure to designate as CONFIDENTIAL any document in accordance with this

Protective Order shall not preclude the filing of a motion at a later time seeking to impose such

designation.  In connection with any such motion, the burden shall be on United and/or GBS to

prove the appropriateness of the confidentiality designation by a preponderance of the evidence.

      19.     Plaintiffs' and Defendant's counsel shall take reasonable precautions to prevent

the unauthorized or inadvertent disclosure of any document marked or designated

CONFIDENTIAL, and shall be responsible for insuring that each of his or her regularly

employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting

in this Litigation and the proposed recipients of CONFIDENTIAL documents are informed of

the terms of this Protective Order and their obligations under it.

      20.     This Protective Order shall not be deemed or construed as a waiver of United's or

GBS's right to object to the furnishing of information in response to any discovery request.  Nor

shall this Protective Order be deemed or construed as a waiver of the attorney/client, work

product, or any other privilege, or of United's or GBS's right to oppose the production of any

documents or information on any grounds.

      21.     This Protective Order shall not be deemed or construed in any way to affect or to

establish the admissibility or to waive United's or GBS's right to object to the admissibility at

trial of any CONFIDENTIAL document covered by this Protective Order.

      22.     If United or GBS inadvertently produces information subject to any privilege, the

Plaintiffs and Defendant, upon notice from United or GBS of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information.

23.     Within 90 days after final termination of this action, including all appeals, Plaintiffs, Plaintiffs' counsel, Defendant and Defendant's counsel and any recipient of any CONFIDENTIAL document(s) under this Protective Order shall certify such return/destruction of documents by affidavit.  Plaintiffs and Defendant need not destroy or return CONFIDENTIAL documents incorporated in materials filed with the Court, subject to the terms of this Protective Order.  Plaintiffs' and Defendant's counsel need not destroy or return CONFIDENTIAL documents or information incorporated in work product retained solely by counsel.

24.     This Protective Order shall remain in full force and effect unless modified by a written stipulation of the Parties or a determination of the Court.  Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of this Litigation.  This Protective Order incorporates by reference the Letter Agreement dated January 13, 2006 by and between Plaintiffs and United, as well as the Confidentiality Agreement dated May 8, 2006 by and between Plaintiffs and United ("Prior Agreements"), which Prior Agreements are attached hereto as **Exhibit B**.  All documents identified as CONFIDENTIAL under any production by United or GBS shall be governed by the terms of this Protective Order.  To the extent there is conflict between the terms of this Protective Order and the Prior Agreements, the terms of this Protective Order shall govern, except for the provisions relating to waiver of objections to CONFIDENTIAL designations made pursuant to the Prior Agreements, which objections shall be governed by Paragraph 9 of the

Confidentiality Agreement.

Dated at Denver, Colorado, this 24th day of July, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge