IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00242-MSK-MEH

TERRI CRANDALL and JOANN HUBBARD,

    Plaintiffs,

vs.

THE CITY AND COUNTY OF DENVER, COLORADO,
d/b/a The Denver International Airport, a Colorado political
subdivision,

    Defendant.

_____

**ORDER ON PLAINTIFFS' MOTION TO COMPEL RECOVERY AND PRODUCTION OF ELECTRONIC MAIL AND FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**
_____

Plaintiffs have filed the Motion to Compel and for Sanctions captioned above (Docket #133) concerning production of e-mails from the Defendant. The matter is briefed and has been referred to this Court. Oral argument would not materially assist the Court in adjudicating the Motion to Compel. For the reasons stated below, the Court **grants** in part and **denies** in part the Motion to Compel.

**I.    Facts**

Plaintiffs allege that they have been exposed to harmful chemicals or other adverse environmental conditions at Denver International Airport ("DIA") and seek damages and other relief. The current dispute involves the Defendant's practices concerning deletion of e-mails. Plaintiffs contend that since at least 2003, when a related action was filed in state court and when Plaintiffs' counsel allegedly advised the Defendant to maintain e-mails, the Defendant has been under an obligation to preserve all e-mails concerning environmental conditions at DIA. This lawsuit was filed

on February 7, 2005. Plaintiffs submitted document requests in August, 2005, requesting, among other things, e-mails pertaining to deicing fluids used at DIA and other environmental issues. Defendants responded to the requests on September 14, 2005.

It appears undisputed that Defendant did not engage in any specific effort to preserve e-mails pertaining to this litigation until March 6, 2006 (when Plaintiffs' counsel indicated that Defendant's September 14, 2005, production of documents was remarkably void of e-mails), at which time Defendant stopped the computer protocol for overwriting e-mails (they were previously overwritten every seven days), purchased software to recover overwritten e-mails, and identified and produced 91,000 e-mails that were generated between March 27, 2000 and March 30, 2006. Prior to March 6, 2006, Defendant had a policy of preserving e-mails that related to "regulatory compliance issues or environmental issues requiring responsive action." Response at 6.

Plaintiffs now seek sanctions, including discovery on the issue of the e-mail deletion policies of Defendant, costs and fees associated with retrieving more e-mails, costs and fees associated with this motion, and an adverse inference concerning the lost e-mails. If further discovery establishes an appropriate level of culpability in failing to preserve evidence, Plaintiffs indicate an intention to seek additional sanctions such as evidence preclusion at trial. Defendant counters that Plaintiffs have failed to establish the spoliation of any relevant material and, further, that sanctions are not appropriate here.

**II.     Discussion**

"A litigant has a duty to preserve evidence that he knows or should know is relevant to imminent or ongoing litigation." *Jordan F. Miller Corp. v. Mid-Continent Aircraft Service, Inc.*, 139 F.3d 912 (Table), 1998 WL 68879 *5 (10th Cir. Feb. 20, 1998). The Tenth Circuit's initial voyage

into the law of sanctions for spoliation (sometimes spelled spoilation) of evidence (as opposed to an independent tort claim based on spoliation) was in *Aramburu v. Boeing Co.*, 112 F.3d 1398 (10th Cir. 1997) ("[T]he parties have not directed us to precedent from this circuit on the evidentiary doctrine of spoliation and we cannot locate any such precedent . . . ."). The *Aramburu* court did not discuss the authority for such a sanction. Several years later, in the *Jordan F. Miller Corp.* decision, the court explained that the authority emanates from the inherent powers of the federal courts "'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" 1998 WL 68879 *3 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); *see Smith v. Northwest Fin. Acceptance, Inc.*, 129 F.3d 1408, 1419 (10th Cir. 1997) ("[A] federal court possesses the authority to impose . . . sanctions on its inherent power to control and supervise its own proceedings."), *quoted in Jordan F. Miller Corp.*, 1998 WL 68879 at *3.

    It appears to this Court that whenever a sanction has been levied in the reported cases, the moving party has established some element of harm - that the documents destroyed were relevant to the issues in the lawsuit, or, stated another way, that the moving party has suffered prejudice because of the destruction of evidence. Mere existence of a document [in this case e-mail] destruction policy within a corporate entity, coupled with a failure to put a comprehensive "hold" on that policy once the corporate entity becomes aware of litigation, does not suffice to justify a sanction absent some proof that, in fact, it is potentially relevant evidence that has been spoiled or destroyed. Here, Defendant has argued that nothing relevant was lost. In reply, Plaintiffs argue, primarily, that to put on them the burden of establishing the relevance of evidence that no longer exists would result in routine spoliation of evidence, because it is a burden that cannot be met. The only example that Plaintiffs submit of potentially relevant evidence being destroyed is one e-mail sequence discussing

"the source of the severe odor problems for the UAL Red Carpet Clubs." Even here, however, Plaintiffs do not argue that this was destroyed and, in fact, have provided a copy of the e-mail sequence.

Plaintiffs, in essence, propose that the Court create a presumption in favor of spoliation whenever a moving party can prove that records that might have contained relevant evidence have been destroyed. The Court understands the logic of this argument but does not find any support in case law, and Plaintiffs have provided none. The Court also recognizes the difficulties in proving the loss of relevant e-mails in this situation. For that reason, the Court will permit limited discovery in the area of loss of relevant evidence. Plaintiffs may take two depositions, of the two affiants, not to exceed two hours each, concerning the efforts to recover electronic information. Defendant has already offered the deposition of Craig Curtis in this regard. These depositions should occur on or before October 6, 2006, at the Defendant's expense. Plaintiff may also conduct an "expert review" of DIA's e-mail system as offered by Defendant.

After this discovery, and after the efforts described in Defendant's Sur-Reply (at page 5) have been accomplished, the parties are directed to meet and confer concerning Plaintiffs' request "that DIA be ordered to take any additional steps necessary to recover additional deleted e-mail." If, after such meeting, Plaintiffs believe that Court intervention is necessary, it should file an appropriate motion. However, the parties should note that the Court is satisfied, on the current record, that Defendant is proceeding in good faith on the e-mail issue.

Concerning Plaintiffs' request for fees and costs, the Court does not find that this record is sufficient to establish prejudice to the Plaintiffs. Finally, concerning Plaintiffs' request for an adverse inference, as noted above, Tenth Circuit law on spoliation of evidence is not well developed, other

than with respect to a movant's request that the Court or jury draw an adverse inference against the party accused of spoliation. In this regard, Plaintiffs have not established the elements for an adverse inference sanction based on spoliation of evidence. Only the bad faith loss or destruction of evidence will support the kind of adverse inference that Plaintiffs seek, *i.e.*, that the supposedly deleted e-mails would *in fact* have been unfavorable to Defendant. *Jordan F. Miller Corp.*, 1998 WL 68879 *4 (citing *Aramburu*, 112 F.3d at 1407). "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Aramburu*, 112 F.3d at 1407. The current record does not support bad faith.

All other requests for sanctions are denied at this time.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby **ORDERED** that Plaintiffs' Motion to Compel and for Sanctions (Filed August 2, 2006; Docket #133) is **granted in part** and **denied in part** as stated herein. The depositions allowed for herein are to be completed on or before October 6, 2006.

Dated at Denver, Colorado, this 19th day of September, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge