IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00242-MSK-MEH

TERRI CRANDALL and JOANN HUBBARD,

    Plaintiffs,

vs.

THE CITY AND COUNTY OF DENVER, COLORADO,
d/b/a The Denver International Airport, a Colorado political
subdivision,

    Defendant.
_____

### ORDER ON JOINT MOTION OF UNITED AIR LINES, INC. AND GALLAGHER BASSETT SERVICES, INC. FOR REIMBURSEMENT OF COSTS
_____

    Third parties United Air Lines, Inc. and Gallagher Bassett Services, Inc. (hereinafter "Third Parties") have filed a "Joint Motion for Reimbursement of Attorneys' Fees and Costs Incurred in Connection with Productions of Documents Pursuant to Plaintiffs['] Subpoenas Duces Tecum and Proposed Briefing Schedule ("Motion for Costs")  (Docket #137).  The matter is briefed, and oral argument would not materially assist the Court in adjudicating it.  For the reasons stated below, the Court **grants in part** and **denies in part** the Motion for Costs.

    The Court is persuaded by the Third Parties' legal authority concerning cost shifting under Fed. R. Civ. P. 45(c)(2)(B) to protect nonparties from bearing extraordinary costs of discovery.  In addition, on several occasions, in open court and in its Order on the motions in this matter, the Court signaled its intent to strongly consider cost sharing.  Plaintiffs undertook and/or continued with the current document requests with this understanding.  Therefore, the Court will award some costs.  However, the Court will award costs only in connection with the orders it entered and the

proceedings in which it engaged in connection with the 2006 subpoenas. Further, given the potentially large cost award here, the Court will make sure that Plaintiffs have a full opportunity to address the requested amounts, without requiring the parties to spend additional inordinate amounts of attorney's fees briefing this issue.

The Court finds that the Third Parties should produce the billing records supporting their claims for costs and fees commencing with the April 2006 subpoenas, to the extent they have not already done so. The Court is quite concerned with the level of attorney involvement (and the concomitant amount of attorney's fees) in this matter. Attorney involvement with the legal issues is, of course, understandable. However, the Court will need substantial justification for the extensive attorney and paralegal involvement with the labor expended in connection with the actual document production (other than with regard to privilege issues). Specifically, the Court finds that the Third Parties should address, to a significant extent, the necessity of attorney/paralegal involvement in each of the tasks associated with the document production, including without limitation any manipulation or re-configuring of software or search capabilities concerning the Third Parties' database, physically assembling and reviewing the files, segregating relevant documents, and producing them to the Plaintiffs.

Therefore, in order to equitably address this matter, the Court directs the following schedule: By November 17, 2006, the Third Parties should produce to the Plaintiff, without filing the same with the Court, their billing records (with an accompanying one-page summary sheet itemizing each element of costs/fees requested, adding up to the Third Parties' total request for costs and fees) in connection with the 2006 subpoenas. On or before December 1, 2006, Plaintiffs may file a brief, not to exceed 10 pages, addressing the reasonableness of the costs and fees requested by the Third

Parties. Plaintiffs should attach whatever records support their arguments, including, at the very least, the one-page summary noted above. On or before December 15, 2006, the Third Parties may file a response brief, not to exceed 10 pages, addressing the arguments of Plaintiffs. No further briefing will be permitted. The parties should not repeat any arguments contained in their briefs in support of or in opposition to the Motion for Costs. In addition, and especially, the Plaintiffs should not reargue the Third Parties' entitlement to some level of costs and fees, as that issue has already been decided by the Court.

Accordingly, for the reasons stated above, it is hereby **ORDERED** that the Third Parties' Motion for Costs (Filed August 28, 2006; Docket ##137) is **granted in part** and **denied in part** as discussed above. It is further **ORDERED** that the disclosure and briefing schedule set forth above is in full force and effect.

Dated at Denver, Colorado, this 2nd day of November, 2006.

                                        BY THE COURT:

                                        s/ Michael E. Hegarty
                                        Michael E. Hegarty
                                        United States Magistrate Judge