IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

TERRI CRANDALL, et al.,

Plaintiff

v.                                        Case No. 05CV0242-MSK-MEH

CITY & COUNTY OF DENVER, et al.

Defendant.

---

**UNITED AIR LINES, INC.'S AND GALLAGHER BASSETT SERVICES, INC.'S JOINT RESPONSE TO PLAINTIFFS' BRIEF RE: REASONABLENESS OF UNITED AIR LINES, INC.'S AND GALLAGHER BASSETT SERVICES, INC.'S REQEUSTED ATTORNEYS' FEES AND COSTS**

---

Pursuant to the Court's Order on Joint Motion of United and GB for Reimbursement of Costs (Docket #182) ("Order"), United Air Lines, Inc. ("United") and Gallagher Bassett Services, Inc. ("GB") hereby submit their Joint Response To Plaintiffs' Brief Re: Reasonableness of United's and GB's Requested Attorneys' Fees and Costs and ("Response"), and in support thereof state:

1. United and GB seek reimbursement of $58,156.81 in attorneys' fees and expenses incurred for 405.05 hours (billed and unbilled) in connection with production of documents pursuant to Plaintiffs' April 2006 Subpoenas Duces Tecum, and Plaintiffs' July 2006 Rule 30(b)(6) Subpoena Duces Tecum to GB. As set forth more fully herein, United's and GB's request is fully supported by the invoices attached as Exhibits B, C, D, and E to Plaintiff's Brief, and by the summary of invoices attached as Exhibit F to Plaintiff's Brief.

{00100227.DOC / 1}

2. As an initial matter, Plaintiffs' repeated contentions that United and GB have improperly tried to avoid their obligations under the subpoenas issued in April 2006 are unsubstantiated. The Court has already determined that United and GB are entitled to some cost-shifting. *See* Order. Plaintiffs'' re-argument on issues this Court has already considered and ruled upon (concerning, for example, "fee-shifting considerations") are unnecessary and waste the Court's time.

3. In compliance with the Court's directive, United and GB limit their response herein to issues raised in Plaintiffs' Brief that warrant response and to the Court's specific requests.

4. Plaintiffs assert that United and GB have improperly sought costs and fees incurred in connection with preparation of the original Motions to Quash, responding to Plaintiffs' *second* subpoena for the 30(b)(6) deposition of GB, and preparing the Court ordered protective order. Those assertions are utterly unsubstantiated. First, redacted copies of United's and GB's invoices demonstrate that United and GB have already removed from their request for fees any fees or costs sought in connection with preparation of the Motions to Quash (filed in May 2006). *See* Exhibit B (devoid of any entries of time for preparation of motions to quash subpoenas). Moreover, Plaintiffs issued the second subpoena to GB while GB was in the process of examining and attempting to determine its electronic production capabilities under the first subpoena to GB, and necessarily incurred those fees prior to Plaintiffs' cancellation of the 30(b)(6) deposition. *See* Second Subpoena issued to GB, attached hereto as **Exhibit 1.** To suggest that these fees were somehow unreasonably incurred, in light of Plaintiffs' issuance of yet another subpoena to GB, is absurd. Finally, the Court agreed that given

the sensitive and private nature of the employee medical information sought through the subpoenas, United and GB were entitled to a protective order. Thus, fees incurred in connection with preparation of the protective order (which are minimal, in any event), were reasonably and necessarily incurred as part of the contemplated document production.

5. Plaintiffs' claim that GB's pre-production fees reflect "production-avoidance tactics" is utterly false. Indeed, upon receipt of the Court's Order, United and GB immediately went to work to determine how to fully comply with the Court's Order.[1] Contrary to Plaintiffs' assertions, this process could not have occurred overnight or without collaboration with Plaintiffs and their counsel. For example, in June 2006, United began working to compile and prepare production of all "air quality e-mails" for years 2001 – 2005 pursuant to the April 2006 Subpoena to United. *See* Exhibit B to Plaintiff's Brief.

6. Because the Court has requested that United and GB address "the necessity of attorney/paralegal involvement in each of the tasks associated with the document production" (*See* Order), United and GB provide the following detailed summary of the document production, which describes attorney and paralegal involvement:

- GB expended considerable effort in determining how to physically retrieve, review, and produce over 900 potentially responsive workers' compensation claim files, and in attempting to determine what information was contained in those files. After GB communicated that information to the Court and to Plaintiffs in a status report, Plaintiffs admitted that they

---

[1] United and GB fail to see how the undersigned counsel's communications with Plaintiff's counsel in June reflect anything but the Third Parties' diligent efforts to arrive at an acceptable narrowing of the potentially responsive workers' compensation claims files. *See* Exhibit A to Plaintiff's Brief.

might only be interested in the information that GB maintained electronically.

- Even then, Plaintiffs did not simply agree to a simple search of GB's electronic records based on the dates set forth in its Subpoena Request #1 or to search the system by GB's source codes, which revealed a great deal of information about the nature of the potentially responsive claims. Instead, Plaintiffs submitted a lengthy list of search terms, and demanded that GB search its database for every file containing those search terms.

- After GB completed Plaintiffs' requested word search, GB generated a summary list of each workers' compensation claim file that contained at least one of Plaintiffs' search terms.

- Using that list, undersigned counsel undertook a detailed review of the summary information to determine responsiveness to the Subpoena, as modified by the parties' agreement.

- Undersigned counsel then determined the actual universe of responsive workers' compensation claims files and sent a list of those claims files to GB.

- GB thereafter sent undersigned counsel electronic copies of the "claims notes," which were maintained electronically in GB's database.

- GB's paralegals redacted confidential information from the "claims notes," and preliminarily reviewed the "claims notes" for privileged information. Undersigned counsel performed a final review of the "claims notes" prior to production.

- Simultaneously, as Plaintiffs' counsel provided releases for certain clients (claimants) during the month of July, GB obtained copies of the "claims notes" for those individuals that had executed releases, and bates-labeled those for production. GB's paralegals cross-referenced the list of Plaintiffs' clients against the summary list of "claims notes" to ensure no duplication of effort, in terms of redacting, occurred in the production of the bulk of the "claims notes."

- United and GB maintain an electronic database of all documents reviewed and collected in connection with Plaintiffs' subpoenas, which enabled them to produce these documents to Plaintiffs' electronically. Accordingly, various entries on the invoices reflect paralegal maintenance and coding in the electronic database.

7. Based on the foregoing, it is clear that the process that led to GB's document production was a collaborative one, which required significant attorney involvement to coordinate communications and directions at every step of the process, and, further, that such work had to be performed in advance of the actual review of the claims files that were ultimately produced. *See* Exhibits D and E to Plaintiff's Brief (GB invoices reflecting negotiations and phases of pre-production).

8. Plaintiffs also improperly insinuate that it was inefficient for three attorneys to work on this matter, despite the fact that the invoices demonstrate that each individual performed separate and distinct tasks. For purposes of perspective, Mr. Shepherd, a senior partner, billed only 27.25 hours, or .93% of the 405.05 hours expended in connection with the document production. Given the sizeable and sensitive nature of this

document production, moreover, it is entirely reasonable that United and GB would have at least two mid-level associates, reporting to a senior partner on this project.

9. Plaintiffs' conveniently excluded from their filing all copies of reports reflecting "billable work not invoiced," which reflect that Kamlet Shepherd & Reichert, LLP discounted United's and GB's invoices for over 135 hours of paralegal support time that was reasonably and necessarily incurred. *See* **Exhibit 2** to this Response, copies of "Billable Work Not Invoiced" reports that United and GB sent to Plaintiffs, reflecting the paralegal/project clerk time that Kamlet Shepherd & Reichert, LLP did not bill to United and GB; *see also* Exhibit F to Plaintiffs' Brief (demonstrating that 135.05 hours of paralegal / project clerk time was billed but not invoiced).

10. In closing, it is essential to note that GB's attorneys did not perform all aspects of the document production. Instead, GB's paralegals and a project clerk performed all bates-labeling and redacting of the "claims notes." GB's attorneys necessarily reviewed this work for accuracy and to ensure protection of the attorney-client privilege. GB's and United's decisions regarding the delegation of work were prudent, and the work was performed efficiently.

For the reasons set forth herein, the Court should forthwith issue an order requiring Plaintiffs to reimburse non-parties United and GB for all costs and attorneys' fees incurred in connection with the April 2006 subpoenas, which total $58,156.81.

WHEREFORE, based on the foregoing United Air Lines, Inc. and Gallagher Bassett Services, Inc. respectfully request that the Court issue an order requiring Plaintiffs:

    A.    To reimburse United and Gallagher Basset Services Inc. in the sum of $58,156.81.

    B.    For such other and further relief as the Court deems just and proper under the circumstances.

DATED:    December 15, 2006.

Respectfully submitted,

KAMLET SHEPHERD & REICHERT, LLP


By *s/ Amy E. Arlander*
    Stephen D. Gurr
    Amy E. Arlander
    1515 Arapahoe Street
    Tower 1, Suite 1600
    Denver, CO 80202
    Telephone: 303.825.4200
    Facsimile: 303.825.1185
    Email: aarlander@ksrlaw.com

*Attorneys for Nonparties United Air Lines, Inc. and Gallagher Bassett Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2006, , I electronically filed the foregoing **GALLAGHER BASSETT SERVICES, INC.'S AND UNITED AIR LINES, INC.'S JOINT RESPONSE TO PLAINTIFF'S BRIEF RE: REASONABLENESS OF UNITED AIR LINES, INC.'S AND GALLAGER BASSETT SERVICES, INC.'S REQUESTED ATTORNEYS' FEES AND COSTS** with the Clerk of Court using the CM/ECF system, which will send notification of the same to:

Brian Gonzales, Esq.
Frederick W. Ganz, Esq.
Fognani & Faught, PLLC
1700 Lincoln Street, Suite 2222
Denver, CO 80202
Telephone: (303) 382-6200

Chris A. Mattison, Esq.
Cheryl A. Peterson, Esq.
Andrew Carafelli, Esq.
Hall & Evans LLC
1125 17th Street, Suite 600
Denver, CO 80202
Telephone: (303) 628-3300


*s/ Amy E. Arlander*
Amy E. Arlander
Kamlet Shepherd & Reichert, LLP
1515 Arapahoe Street, Tower 1
Denver, Colorado 80202
aarlander@ksrlaw.com