IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00242-MSK-MEH

TERRI CRANDALL and JOANN HUBBARD,

      Plaintiffs,

vs.

THE CITY AND COUNTY OF DENVER, COLORADO,
d/b/a The Denver International Airport, a Colorado political
subdivision,

      Defendant.
_____

**ORDER ON DEFENDANT'S MOTION TO COMPEL COMPLETE RESPONSES TO DEFENDANT'S FOURTH AND FIFTH SETS OF DISCOVERY**
_____

      In March and April, 2006, the Defendant submitted to the Plaintiffs a fourth and fifth set of discovery.  The fourth set consisted of one interrogatory, which requested Plaintiffs to identify each odor incident that occurred at Denver International Airport, Concourse B, which may have resulted in either a violation of the Resource Conservation and Recovery Act ("RCRA") or which may cause an imminent and substantial endangerment to human health and/or the environment, through the time of trial in this case.  The fifth set of discovery sought the same information for the closed period of January 1, 2001, to December 31, 2003.  These questions are the heart of this lawsuit.

      Plaintiffs provided some information in response, but Defendant believes that the responses were not complete.  Defendant filed the present motion to compel supplementation.  Plaintiffs responded that they do not have any information with which to supplement the responses.  Further, Plaintiffs contend that "the discovery requests for which Defendant seeks supplementation already have been supplemented in great detail through Plaintiffs' expert reports, through over thirty

depositions, and otherwise." Response at 2. Upon receiving this response, Defendant filed a reply in which it requested, as an alternative to an Order compelling supplemental responses, an Order deeming the fourth and fifth sets of discovery to be supplemented "only as to odor events on specific dates that may be identified in depositions taken in the case or specifically identified in plaintiffs' expert reports." Defendant's position is well taken given Plaintiffs' response. Indeed, although Defendant is prepared to accept the depositions and expert reports as supplementing Plaintiffs' discovery responses, the Court is skeptical about whether the response of "go look at the documents and transcripts" is proper in responding to written discovery requests.

Accordingly, Defendant's motion is partially moot based upon the alternative relief requested in its reply in this regard, so will be denied to that extent, but will be granted in part as to the alternative relief. Therefore, Plaintiffs shall have until and including January 24, 2007, to identify specific documents, deposition testimony, or expert testimony in response to Defendant's fourth and fifth sets of discovery. If no supplementation is provided by that time, Plaintiffs' responses to the fourth and fifth sets of discovery will be deemed supplemented, but only to the extent of the information concerning odor events on specific dates identified in the deposition transcripts or the experts' reports.

Wherefore, Defendant's Motion to Compel Complete Responses to Defendant's Fourth and Fifth Sets of Discovery (Filed November 29, 2006; Docket #194) is **granted in part** and **denied in part** as stated herein.

Dated at Denver, Colorado, this 16th day of January, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge