IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00242-MSK-MEH

TERRI CRANDALL and JOANN HUBBARD,

    Plaintiffs,

vs.

THE CITY AND COUNTY OF DENVER, COLORADO,
d/b/a The Denver International Airport, a Colorado political
subdivision,

    Defendant.
_____

**ORDER ON NON-PARTY COSTS AND FEES**
_____

On November 2, 2006, the Court directed that Plaintiffs and non-parties United Air Lines, Inc. and Gallagher Bassett Services, Inc. ("non-parties") file briefs on the reasonableness of the expenses which these non-parties incurred in responding to subpoenas *duces tecum* issued by the Plaintiffs. All interested participants have complied. This matter is ready for ruling.

The Court notes the following:  It is the Court's obligation to protect any person who is not a party to the underlying lawsuit from significant expense resulting from the inspection and copying which was commanded pursuant to Rule 45.  Fed. R. Civ. P. 45(c)(2)(B).  The rule is mandatory. *R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 F.ed Appx. 880, 882-83 (3rd Cir. 2002). The "court must protect the non-party by requiring the party seeking discovery to bear at least enough of the expense to render the remainder 'non-significant.'"  *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001).  Such protection does not necessarily mean that the requesting party must bear the entire cost of compliance.  *Id.*  The Court, in determining to what extent costs should be shifted,

shall consider (1) whether the non-party has an interest in the outcome of the case; (2) whether the non-party can more readily bear its costs than the requesting party; and (3) whether the litigation is of public importance. *Id.* (citations omitted). The cost shifting is not limited to costs of inspection and production, but those "significant expenses resulting from the inspection and copying." *Klay v. All Defendants*, 425 F.3d 977, 983-84 (11th Cir. 2005).

Using these standards, the Court makes the following conclusions: First, the expense incurred by the two non-parties here is significant.

Second, Plaintiffs were aware of the potential of cost-shifting at all relevant points during this dispute. The Court addressed the issue of potential costs of the document production in its Order of May 30, 2006 (Docket #101), including allocating the costs between Plaintiffs and the non- parties. All costs which the non-parties seek post-date this Order.

Third, the non-parties have an interest in the outcome of this litigation. United Air Lines is alleged to be a source of the odors at issue in this case. However, related to this is the fact that Plaintiffs have brought a damages action against the City and County of Denver in state court, and evidence produced in this case (which seeks injunctive relief under RCRA) will inure to the benefit of the Plaintiffs in the state court damages case, *Crandall v. City & County of Denver*, No. 03-cv-5186 (Denver Dist. Ct.).

Fourth, the non-parties have a significant ability to readily bear their costs, when compared to two individuals who were employed at Denver International Airport (DIA).

Fifth, this lawsuit is of public importance and seeks only injunctive relief to prevent pollutants from harming persons at DIA.

Based on the authority cited above, the Court believes that a reduction in the requested reimbursement is warranted here. The Court does not believe that the reduction should be in the nature of an examination of the specific items in the non-parties' billing records. The Court believes

that the expenses identified by the non-parties were necessary and appropriate, and the Court also notes that the amount sought here ($58,156.81) is significantly smaller than the amount originally requested in the non-parties' motion filed on August 28, 2006 ($164,905.70). Accordingly, based upon the record herein, the Court will direct that Plaintiffs pay one-half of the amount sought by the non-parties in this case, which the Court calculates to be $29,078.40.

Therefore, it is hereby ORDERED that on or before March 16, 2007, the Plaintiffs shall pay to United Air Lines, Inc. and Gallagher Bassett Services, Inc., through their counsel of record, the sum of $29,078.40 in reimbursement for expenses which these non-parties incurred in responding to subpoenas *duces tecum* issued by the Plaintiffs.

Dated at Denver, Colorado, this 17th day of January, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge